**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**EXQUISITE MULTIMEDIA, INC.,**

   **Plaintiff,**

         v.                          Civil Action No. 11-1976 (RWR/JMF)

**DOES 1-336,**

   **Defendants.**

**MEMORANDUM OPINION**

This case was referred to me for full case management. Currently pending and ready for resolution is plaintiff's Motion for Leave to Take Discovery Prior to Rule 26(f) Conference [#3]. Plaintiff, Exquisite Multimedia, Inc., is the owner of the copyright for the motion picture "Supergirl XXX An Extreme Comixxx Parody". Complaint for Copyright Infringement [#1] ¶8. According to plaintiff, numerous individuals illegally downloaded and distributed its film over the Internet, in violation of the Copyright Act of 1976, 17 U.S.C. § 101 *et seq.*[1] Id. ¶¶1, 3. At the time the law suit was filed, plaintiff did not know the identities of these individuals. Id. ¶7. Plaintiff did, however, know the Internet Protocol ("IP") address of the computers associated with the alleged infringers. Id.

In its current motion, plaintiff seeks to conduct expedited discovery prior to the Rule 26(f)[2] conference so that it may learn the identity of these individuals. [#3-1] at 2. Specifically, plaintiff seeks leave to serve Rule 45 subpoenas on the various Internet Service Providers ("ISP") associated with the previously identified IP addresses, in order to obtain "the true name,

---

[1] All references to the United States Code or the Code of Federal Regulations are to the electronic versions that appear in Westlaw or Lexis.

[2] Fed. R. Civ. P. 26(f).

address, telephone number, e-mail address and Media Access Control ("MAC") address of the Defendant to whom the ISP issued an IP address." Id.  In addition, if the ISP identifies an intermediary ISP as the entity providing online services, plaintiff seeks leave to serve the subpoena on that ISP. Id.

Plaintiff therefore seeks what is in essence jurisdictional discovery.  Pursuant to Rule 26 of the Federal Rules of Civil Procedure, although "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)," they may do so "when authorized . . . by court order." Fed. R. Civ. P. 26(f).  Such authorization, however, must be based on a showing of "good cause". Fed. R. Civ. P. 26(d)(1).  "[I]n order to get jurisdictional discovery[,] a plaintiff must have at least a good faith belief that such discovery will enable it to show that the court has personal jurisdiction over the defendant." Caribbean Broad. Sys. Ltd. v. Cable & Wireless PLC, 148 F.3d 1080, 1090 (D.C. Cir. 1998).  Furthermore, it is well within the court's purview under Rule 26 to impose reasonable limitations on discovery when "the burden or expense of the proposed discovery outweighs its likely benefit". Fed. R. Civ. P. 26(b)(2)(c). See also Linder v. Dep't of Def., 133 F.3d 17, 24 (D.C. Cir. 1998) ("Whether a burdensome subpoena is reasonable 'must be determined according to the facts of the case,' such as the party's need for the documents and the nature and importance of the litigation.") (internal citation omitted); In re Micron Tech., Inc. Sec. Litig., 264 F.R.D. 7, 9 (D.D.C. 2010) ("The 'undue burden' test requires district courts to be 'generally sensitive' to the costs imposed on third parties . . .") (internal quotations omitted); N.C. Right to Life, Inc. v. Leake, 231 F.R.D. 49, 51 (D.D.C. 2005) ("While quashing a subpoena goes against courts' general preference for a

broad scope of discovery . . . limiting discovery is appropriate when the burden of providing the documents outweighs the need for it.").

Plaintiff's cause of action, tortious copyright infringement,[3] is brought under a federal statute, the Copyright Act. The Copyright Act does not provide for the exercise of personal jurisdiction over alleged infringers on a nationwide or other basis. Plaintiff must therefore predicate the court's jurisdiction over the infringers on the reach of District of Columbia law. It first provides for the exercise of personal jurisdiction over a person domiciled in the District of Columbia as to "any claim for relief." D.C. Code § 13-422 (2001). The so-called "long arm" provision of the personal jurisdiction statute provides, in pertinent part, as follows:

> (a) A District of Columbia court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's - -
>
> * * *
>
> (3) causing tortious injury in the District of Columbia by an act or omission in the District of Columbia;

D.C. Code § 13-423 (2001).

Thus, unless the infringer is domiciled in the District of Columbia, the question presented is where the infringement occurred and whether it occurred in the District of Columbia.

In Nu Image, Judge Wilkins considered this very question and followed the approach taken by the D.C. Circuit in Helmer v. Dolestskaya, 393 F.3d. 201 (D.C. Cir. 2004). Nu Image, 2011 WL 3240562, at *3. In Helmer, plaintiff, a U.S. citizen, brought suit against his former

---

[3] "It is well settled in this jurisdiction [the District of Columbia Circuit] that a claim for copyright infringement sounds in tort." Nu Image, Inc. v. Does 1-23,322, — F. Supp. 2d —, 2011 WL 3240562, at *8, n.3 (D.D.C. 2011) (citing Stabilisierungsfonds Fur Wein v. Kaiser, 647 F.2d 200, 207 (D.C. Cir. 1981)).

girlfriend, a Russian citizen, for fraud and breach of contract. Helmer, 393 F.3d. at 203. Specifically, plaintiff claimed that the defendant failed to reimburse him for real and personal property acquired while they were living together in Moscow. Id.  The court of appeals upheld the lower court's finding that the injury occurred outside of the District of Columbia:

> The district court ruled that although [defendant] fraudulently concealed her personal background during her visit to the District of Columbia, the fraud did not cause injury here because [plaintiff] was not "physically present" in the District of Columbia when [defendant] incurred the credit card charges, when [plaintiff] paid the credit card charges, when [plaintiff] purchased the apartment, or when [defendant] registered the apartment in her own name.

Id. at 208.

As a result, the court of appeals held that, because plaintiff failed to demonstrate that defendant's fraud caused him injury in the District of Columbia, the court could not exercise personal jurisdiction over her as to that count. Id. at 209.

In Nu Image, Judge Wilkins ultimately concluded that it was difficult to see how defendants living outside of the District of Columbia could have caused plaintiff tortious injury within the District of Columbia when they downloaded plaintiff's film. Nu Image, 2011 WL 3240562, at *4.  To that end, Judge Wilkins therefore held that discovery prior to the Rule 26(f) conference was warranted if "the Court finds that the Plaintiff has a good faith basis to believe a putative defendant may be a District of Columbia resident if a geolocation service places his/her IP address within the District of Columbia, or within a city located within 30 miles of the District of Columbia." Id.  Thus, Judge Wilkins denied the plaintiff's motion for expedited discovery as to all defendants and indicated instead that he would only entertain a motion for expedited discovery on the ISPs to "obtain identifying information only for IP addresses that

Plaintiff has a good faith basis to believe are reasonably likely to correspond to internet accounts located in the District of Columbia." Id. at *6.

In the case at bar, the issue is where the situs of the injury is with respect to the simultaneous uploading and downloading of copyrighted material from the Internet. According to plaintiff, the illegal infringement took place as follows:

> The torrent protocol makes home computers with low bandwidth capable of participating in large data transfers across so-called "Peer-to-Peer" (P2P) networks. The first file-provider decides to share a file ("seed") with a torrent network. Then other users ("peers") within the network connect to the seed file for downloading. As additional peers request the same file, they become part of the same network. Unlike a traditional P2P network, each new peer receives a different piece of the data from each peer who has already downloaded the file. This system of multiple pieces of data coming from peers is called a "swarm." As a result, every downloader is also an uploader of the illegally transferred file and is simultaneously taking copyrighted material through many ISPs in numerous jurisdictions around the country.

[#1] ¶9.

Irrespective of whether the injury is viewed to be the uploading of the movie, the downloading of the movie, or both, the focus would be on the physical location of the computers bearing the unique IP addresses plaintiff claims were involved in the unauthorized distribution of its film. For non-resident defendants, that would most likely be outside of the District of Columbia, unless it were shown that they were visiting the District of Columbia at the time of the alleged infringement.

In this case, plaintiff claims that "[b]y using geo-location techonology, [it] has attempted to assure that the IP addresses are likely within the geographic location of the Court." [#1] ¶14.

Although plaintiff supports this claim with a <u>Verification</u>[4] from plaintiff's counsel and a <u>Declaration</u>[5] from Jon Nicolini, the Vice President of Technology for Copyright Enforcement Group, LLC ("CEG"), plaintiff fails to state with specificity what it believes to be the "geographic location of the Court" nor does it provide any information as to the geographic regions served by the various ISPs (Verizon Internet Services, Comcast Cable, and Cox Communications) identified in its pleadings as having provided service to the alleged infringers. The Court, therefore, will order plaintiff to briefly supplement its showing regarding its good faith belief that the IP addresses identified by plaintiff belong to persons who are domiciled in the District of Columbia and that the ISPs identified by plaintiff serve the District of Columbia.

Finally, the statutory requirements as to venue under the Copyright Act provide additional and equally insurmountable obstacles to this lawsuit remaining in this Court. Venue is governed exclusively by 28 U.S.C. § 1400, which states the following: "Civil actions, suits, or proceedings arising under any Act of Congress relating to copyrights or exclusive rights in mask works or designs may be instituted in the district in which the defendant or his agent resides or may be found." 28 U.S.C. § 1400(a). Thus, plaintiff will also have to convince me that venue would be proper in this Court.

An <u>Order</u> accompanies this <u>Memorandum Opinion</u>.

**SO ORDERED.**

_____
JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE

---

[4] [#1] at 12-14.

[5] [#1-2].